IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MATTHEW MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cv-04319-NKL |
| v. | ) | |
| | ) | |
| PATRICIA JOYCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Matthew Martin has sued Defendants Patricia Joyce, Daniel Green, and Robert Schollmeyer, who are state court judges, for damages and injunctive relief in connection with various rulings they entered in cases in which he was a party. Doc. 8 (Amended Complaint). Before the Court are Defendants' motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, Doc. 10, and Martin's motion for a hearing on his request for preliminary injunction, Doc. 14. Defendants' motion to dismiss is granted and Martin's motion for a hearing is denied as moot.

## I.    Background[1]

Martin's claims center around rulings made by the Defendants between December 2014 and January 2017 in three civil cases in the Cole County, Missouri Circuit court involving

---

[1]    In considering Defendants' motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations contained in the complaint as true. *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008). The Court generally must ignore materials outside the complaint in deciding a motion to dismiss for failure to state a claim, but may consider materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citations omitted). Therefore, the Court will consider materials that are part of public court files with respect to the cases referenced in Martin's complaint.
    The standards that apply in deciding Defendants' Rule 12(b)(6) argument apply to their argument that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), because Defendants' motion is based on the complaint. *See Carlson v. GameStop, Inc.,* 833 F.3d 903, 908 (8th Cir. 2016).

Martin:  a divorce case, no. 14AC-FC00740, and two adult abuse cases, nos. 14AC-FC00697 and 15AC-FC01181.  Doc. 8, p. 4.

Specifically, Martin alleges that his wife filed for divorce, case no. 14AC-FC00740, and in the course of that case "made an unsubstantiated claim of domestic violence against" him.  *Id.*, p. 5.  As a result of that claim, Martin was arrested and criminally charged.  Based on the pending criminal charges, his wife then sought an order of protection, case no. 14AC-FC00697, and Judge Green entered a full order of protection on July 17, 2014.  *Id.*

In October 2014, Judge Joyce ordered in the divorce case that Martin's wife would have temporary custody of the couple's daughter and ordered Martin to pay child support through payroll withholding.  A week later, the criminal charges against Martin were dismissed *nolle prosequi*.[2]  Martin filed a motion in the divorce case for rehearing of the temporary custody and child support orders.  Judge Joyce held a hearing on November 17, 2014 regarding a request by Martin's counsel to withdraw and granted it, but did not rule on the motion for rehearing.  Then on January 27, 2015, Judge Joyce held Martin in contempt of court for failure to pay child support.

On February 19, 2015, Judge Green denied Martin's motion to dismiss the order of protection that had been entered in case no. 14AC-FC00697.

Judge Joyce entered a divorce decree and awarded full custody of Martin's daughter to his ex-wife on April 23, 2015.  Martin alleges, "Reference [sic] the alleged incident in [the criminal] case … as punishment against me, used incorrect values in my retirement accounts and did not recognize my expenses related to charges in [the criminal] case ….  Judge Joyce would also affirm her earlier findings of contempt of court."  *Id*.  "Garnishment of…monies [in

---

[2]    A dismissal *nolle prosequi* is a prosecutor's formal entry on the record indicating that a pending criminal charge will no longer be prosecuted.  *State v. Buchli*, 152 S.W.3d 289, 307 (Mo. App. 2004).  A *nolle prosequi* results in a dismissal without prejudice to refiling the charge.  *Id*.

Martin's] account" began on May 14, 2015.  *Id.*[3]

The full order of protection that Judge Green ordered in case no. 14AC-FC00697 expired by its express terms on July 17, 2015, and was not renewed.

In September 2015, Martin's ex-wife filed a second adult abuse case against Martin and an ex parte order was issued, case no. 15AC-FC01181.  Judge Joyce held a hearing and entered a full protection order against Martin in November 2015.[4]  On January 5, 2017, in the same case, Judge Schollmeyer issued an ex parte order of protection against Martin.  Martin filed a motion for "a trial for Jury selection" on January 11, 2017, but Judge Schollmeyer did not rule on it.  *Id.*

Martin filed a motion for new trial in the adult abuse case before Judge Green, no. 14AC-FC00697, on December 12, 2016, "to hear the new evidence in the case."  *Id.* Judge Green denied the motion on January 17, 2017, stating he had no jurisdiction or statutory authority to grant it.

Martin filed his complaint in this Court on December 8, 2016.  He alleges that the various orders entered by Defendants were "wrong," "baseless and bias[ed]," "not based on rational facts," and violated his rights under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution.  *Id.,* p. 6.  He alleges irreparable injury because his ex-wife is not providing their child with medical treatment; he has been publicly defamed by the orders of protection; and he has his own medical treatment to pay for.  He asks for injunctive relief in the form of:  cancellation of the child support and custody that were ordered in case 14AC-FC00740; return of the child support monies already garnished from his accounts; an order prohibiting his

---

[3]     Martin appealed the judgment entered by Judge Joyce in the divorce case.  The Missouri Court of Appeals affirmed, and Martin's motion for rehearing and request for transfer to the Missouri Supreme Court were denied.  *See Martin v. Martin,* 504 S.W.3d 130 (Mo. App. 2016).

[4]     Martin appealed Judge Joyce's November 2015 order.  The Missouri Court of Appeals affirmed, and Martin's motion for rehearing and request for transfer to the Missouri Supreme Court were denied.  *See N.M. v. Martin,* 2016 WL 6956762 (Mo. App. Nov. 29, 2016).

3

ex-wife from "selling or changing any joint property awarded to her" in the divorce; "suppress[ion]" of the protection orders issued by Defendants; and an injunction preventing Judge Joyce from ruling on any case involving him or his property in the future. *Id.* He also asks for $110,000 in actual damages for property loss, legal expenses, and estimated medical expenses, and $5,000,000 in punitive damages "to prevent this type of violation[] in the future." *Id.*

In March 2017, Judges Joyce and Schollmeyer recused themselves from case nos. 14AC-FC00740 (the divorce case) and 15AC-FCF01181 (the second adult abuse case). The Hon. Ada Brehe-Krueger was assigned to the cases pursuant to order of the Missouri Supreme Court.

## II.     Discussion

Defendants move to dismiss on a number of bases. They argue that they are entitled to absolute judicial immunity and Eleventh Amendment immunity with respect to the request for damages. They further argue that pursuant to the *Rooker-Feldman* doctrine[5], this Court lacks subject matter jurisdiction over Martin's request to set aside their orders, and that the Court should abstain under *Younger*[6] from hearing Martin's request for relief as to ongoing cases. They also argue that the case must be dismissed because Martin has failed to cite any authority to support his claim that this case raises a Federal question. For the reasons discussed below, the Court concludes that Defendants are entitled to absolute judicial immunity, *Rooker-Feldman* and *Younger* apply, and Martin's complaint must therefore be dismissed in its entirety. The Court need not address Defendants' remaining arguments. The dismissal also moots Martin's request for a preliminary injunction hearing.

---

[5]     *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923).

[6]     *Younger v. Harris,* 401 U.S. 37 (1971).

## A. Absolute judicial immunity

Dismissal under Rule 12(b)(6) is warranted when the complaint on its face reveals an insuperable bar to relief. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). In this case, absolute judicial immunity is an insuperable bar to relief.

It is well established under federal law that judges are absolutely immune from monetary liability for judicial acts taken in their judicial capacity, including acts that are in excess of their jurisdiction, or "are alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 80 U.S. 355, 354 (1871). In other words, a "judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir. 1983). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Article V, section 14 of the Missouri Constitution provides in plenary terms that "[t]he [Missouri] circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." (Emphasis added.) Thus, as Missouri circuit court judges, Defendants' subject matter jurisdiction is very broad and extends to the divorce and adult abuse cases over which they presided. *See also Gomez v. Gomez*, 336 S.W.2d 656, 659 (Mo. 1960) (circuit court had subject matter jurisdiction over divorce case); *MacFarlane v. Wheeler*, 285 S.W.3d 818, 820 (Mo. App. 2009) (orders of protection); *Thompson v. Thompson*, 645 S.W.2d 79, 82 (Mo. App. 1982) (support and maintenance).

Furthermore, Defendants were performing functions that are normally performed by judges—entering rulings in and managing cases involving Martin. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (when a judge rules on a motion, it is an action taken in a judicial

capacity); *Rodriguez v. Weprin,* 116 F.3d 62, 66–67 (2nd Cir. 1997) (a "court's inherent power to control its docket is part of its [judicial] function"). Martin also dealt with Defendants in their judicial capacities, in making his objections to motions, filing his own motions, requesting hearings, and appearing before Defendants to make his arguments or participate in hearings. *See Schottel*, 687 F.3d at 373 (when a party files a motion and appears before a judge, the party is dealing with the judge in the judge's judicial capacity). Defendants are therefore entitled to absolute judicial immunity from the monetary relief that Martin seeks.

Martin argues that Defendants are not immune because, as alleged, their rulings were "wrong," "baseless and bias[ed]," "not based on rational facts," and caused him great harm. He states that Defendants have not even bothered to deny violating his Constitutional rights. He also argues that Defendants did not have jurisdiction over the criminal charges, and therefore could not use the dismissed charges "to inflict punishment on" him. Doc. 21, p. 3. Factual allegations are accepted as true at the motion to dismiss stage. But even if Defendants' rulings were wrong or unsupported, and a ruling or rulings were motivated by bias or an intent to "punish[]" Martin, the Federal courts have routinely held that such allegations do not suffice to circumvent absolute judicial immunity. Rejecting an argument similar to Martin's, the United States Supreme Court explained in *Pierson v. Ray*:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.

386 U.S. 547, 553–554 (1967) (citations and quotations omitted). *See also Stump,* 435 U.S. at 363 (holding that a judge was entitled to absolute judicial immunity in a forced sterilization case, notwithstanding the claim that the judge's decision led to "tragic consequences," was "unfair,"

and "totally devoid of judicial concern for the interests and well-being of the young girl involved"); *Martin v. Aubuchon*, 623 F.2d 1282, 1285 (8th Cir. 1980) (the plaintiff alleged that the defendant Missouri judges failed to give him adequate notice of a hearing to terminate his parental rights or advise him of his right to counsel, erroneously gave full faith and credit to an invalid order entered in a Texas court, and unfairly dismissed his appeal for failure to comply with the local rules; because no clear absence of jurisdiction was shown and all acts were judicial ones, the judges were entitled to absolute judicial immunity from a claim for damages). Accordingly, Martin's arguments do change the analysis.

### B.     The *Rooker-Feldman* doctrine

The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). When *Rooker-Feldman* applies, a district court lacks subject matter jurisdiction and must dismiss. *Riehm v. Engelking,* 538 F.3d 952, 964 (8th Cir. 2005) (citation omitted). *See also* 28 U.S.C. § 1257(a) (the United States Supreme Court may review final judgments rendered by the highest court of a State in which a decision could be had).

Here, Martin asks this Court to set aside the various custody and support orders, orders of protection, and an award of marital property (a part of the divorce decree) that Defendants entered against him in state court before he filed this Federal lawsuit. This Court lacks subject matter jurisdiction to do so. *Id.   See also Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir. 1997) (where the plaintiff sought reversal of portions of state supreme court decisions, the district court lacked subject matter jurisdiction under *Rooker-Feldman* and properly dismissed).  Therefore,

Martin's request to this Court to set aside Defendants' orders must be dismissed pursuant to *Rooker-Feldman*.

        C.      **_Younger_ abstention**

Under *Younger*, federal courts must abstain from hearing cases when (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise the federal questions presented. *Plouffe v. Ligon,* 6067 F.3d 890, 892-93 (8th Cir. 2010).

With respect to the first factor, there are no ongoing proceedings involving Judges Joyce and Schollmeyer. They are not presiding over case no. 14AC-FC00740 (the divorce) or case no. 15AC-FC01181 (the second adult abuse case), because they recused themselves and a new judge has been assigned.

Judge Green is still assigned to case no. 14AC-FC00697 (the first adult abuse case). It is unclear whether the case is "ongoing" for purposes of the *Younger* analysis. The order of protection that Judge Green entered in July 2014 expired by its own terms in July 2015 and was never renewed. However, Martin continues to file motions in that case, which Judge Green has continued to rule. The Court will assume for the sake of argument that case no. 14AC-FC00697 was still ongoing at the time Martin filed his Federal case, satisfying the first *Younger* factor.

The second *Younger* factor is met because the state court case implicates important state interests "in domestic relations, a traditional area of state concern where federal abstention is particularly appropriate." *Carlson v. County of Ramsey, Minnesota,* 2016 WL 3352196, at *6 (D. Minn. June 15, 2016) (and cases cited therein). The United States Supreme Court has long rejected federal court interference in state domestic relations policy. *See Ankenbrandt v. Richards,* 504 U.S. 689, 701-02 (1992); *Amerson v. State of Iowa,* 94 F.3d 510, 512-14 (8th Cir. 1996).

8

As for the third *Younger* factor, the state court proceedings afford Martin an adequate opportunity to raise the federal questions that he presents.[7] "States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt,* 493 U.S. 455, 458 (1990). The United States Supreme Court has "consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Id.* Furthermore, the Missouri Supreme Court has expressly acknowledged that Missouri courts are empowered to adjudicate claims of violation of rights secured under the United States Constitution. *Shapiro v. Columbia Union Nat. Bank & Trust Co.*, 576 S.W.2d 310, 316 (Mo. 1978). No authority precludes a Missouri court from adjudicating federal claims of the kind Martin raises here.

Martin states that he has raised his Constitutional arguments in his cases before the Defendants, but the arguments have not succeeded there, nor on appeal to the Missouri Court of Appeals or Supreme Court, so "Missouri courts do not offer any relief for the issues brought in" his Amended Complaint. Doc. 15, p. 11.[8] The state court proceedings are not inadequate for

---

[7]    Martin alleges that the orders Defendants entered violated his rights under the Fifth, Seventh, and Fourteenth Amendments to the United State Constitution. Doc. 8, p. 3. He argues in opposition to the motion to dismiss that the dismissal *nolle prosequi* of the criminal charge "confirm[ed his] innocence" and he therefore had a right under the Fifth Amendment to have the orders of protection set aside. Doc. 15, p. 2. He also argues that he had a right under the Seventh Amendment to a jury trial concerning the orders of protection, which Defendants failed to recognize. *Id.,* p. 12.

[8]    As noted in footnote 4 above, Martin filed an appeal of the November 2015 full order of protection entered in the second adult abuse case. *See* 2016 WL 6956762. He argued on appeal that the dismissal of the criminal case proved his innocence of the charge and that the underlying domestic violence incident therefore could not be considered any further, but the Missouri Court of Appeals expressly considered and rejected his argument. *See* 2016 WL 6956762, at * 2 n.5.

Martin also appealed from the judgment entered in the divorce case. The Missouri Court of Appeals held that the parenting plan and custody arrangement were supported by substantial evidence, and that the lower court was free to disbelieve Martin's evidence concerning the value of the marital property. *Martin,* 540 S.W.3d at 135-36. The court also held that Martin's attempt to appeal the contempt judgment was premature, because he failed to demonstrate that the contempt order had ever been enforced. *Id.* at 134.

purposes of the *Younger* analysis simply because no Missouri court has agreed with Martin's legal theory. All that the *Younger* analysis requires is for the state court proceedings to afford an adequate opportunity to present the Constitutional claims. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012) ("The mere fact that the state courts consistently rejected [the plaintiff's federal] claims is, of course, no basis for the lower federal courts to entertain them in a Section 1983 action."). *See also Allen v. McCurry,* 449 U.S. 90, 99 (1980) (explaining that Section 1983 does not guarantee a federal forum for claims of deprivations of federal rights). Martin has had that opportunity.

Even when the three factors are met, there are narrow exceptions to *Younger* in the case of a showing by the plaintiff of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex,* 457 U.S. at 435. *See also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 (1975) (observing that the *Younger* exceptions are "narrow"). None of the exceptions is applicable here. The adult abuse case was brought by Martin's ex-wife, not Judge Green. Furthermore, Judge Green's role in the proceeding was legitimate in purpose—adjudicating the petition. Therefore, even if the judge's execution of the state proceedings was unconstitutional in any sense, the bad faith or harassment exception does not apply. *See Sobel v. Prudenti*, 25 F. Supp. 3d 340, 357 (E.D.N.Y. 2014). "Extraordinary circumstances" are those that would "render the state court incapable of fairly and fully adjudicating the federal issues before it" and are "'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler v. Helfant,* 421 U.S. 117, 124–25 (1975). As discussed above, there is a state process available to fairly and fully remedy the alleged Constitutional violations. Martin has in fact pursued at least some of his argument through appeal. Furthermore, nothing suggests an extraordinarily pressing need for immediate federal

equitable relief with respect to the case before Judge Green.

Accordingly, this Court must abstain under *Younger*. When *Younger* applies and only injunctive relief is before the Court, the appropriate disposition is dismissal. *Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475, 481 (8th Cir. 1998). As discussed above, the Court has concluded that Martin cannot obtain damages. Because only a claim for injunctive relief remains before the Court, dismissal is the appropriate disposition here.

## III.     Conclusion

Defendants Joyce, Green, and Schollmeyer's motion to dismiss, Doc. 10, is granted. Plaintiff's motion for preliminary injunction hearing, Doc. 14, is denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:   March 13, 2017
Jefferson City, Missouri

11